ALBANY AND RENSSELLER IRON AND STEEL COMPANY *et al. vs.* SOUTHERN AGRICULTURAL WORKS *et al.*

REFUSAL OF INJUNCTION AND RECEIVER, FROM FULTON. Debtor and Creditor   Assignments.  Laws.  Criminal Law.  Construction of Statutes.  Injunctions.  Receiver. (Before Judge Hammond.)

Hall, J.—1. The most material questions respecting the legal sufficiency of the assignment, as to the omission from the schedule required by the act of 1881 of valuable assets, and as to the effect of a general clause, conveying to the assignee all property of the assignor which for any cause was omitted from the schedule, are identical with those made in the case of Turnipseed *et al., vs.* Schaefer *et al*, and to that extent are controlled by the decision therein rendered.

2. Whether or not, under the general mercantile and commercial law, an insolvent corporation is capable of making a general assignment for the benefit of creditors, either with or without giving preference and priority of payment to certain named creditors, yet under the provisions of the act of 1881 it may do so. 37 Ga., 613 ; Acts 1880–1881, p. 174.

3. While in March, 1885, the general rule was that creditors without a lien could not invoke the remedial aid of a court of equity until their claim was reduced to judgment, yet, special circumstances migh exist rendering the rule inapplicable. Some of these circumstances exist in this case, such as the insolvency of the debtor who it is alleged fraudulently transferred his property to one who is in complicity with him in the fraud, and who is rapidly disposing of the property; or where the property is obtained by fraudulent representations with which the assignee is connected; and the grounds of equitable relief are strengthened where large supplies of goods were obtained with a view to making the very assignment in question, to enable the assignee to carry on the business of the assignor for an indefinite period of time, and where these goods are embraced not only in the deed of assignment, but also in mortgages cotemporaneously executed to certain of the creditors preferred by the conveyance, including the assignee himself, to aid, as charged, any defects existing therein, which might render it void, and where the bill sought to prevent the accomplishment of the scheme alleged to have been entered into between the parties.

(a) The fact of provisions being made to carry on the business by the aid of goods procured for that purpose, and which have not been paid for, raises a presumption, though not a conclusive one, of an intention on the part of the parties to the transaction to delay, hinder and defraud such creditors as are not favored and preferred by the deed, and it has the appearance of arrangement to coerce them into a disadvantageous settlement.

(b) The complainants were not parties to the mortgages, and would have no right at law to intervene and prevent their foreclosure and enforcement; and the setting aside of the assignment would leave the creditors without remedy to enforce their rights and contest the mortgages alleged to have been made in aid of the assignment, unless equitable relief were granted. Code. §3965 and cit.

(a) An injunction should be granted and a receiver appointed.

Judgment reversed.

King & Spalding; Candler. Thompson & Candler; Abbott & Smith; Mynatt & Howell; Harrison & Peeples, for plaintiff in error.

Hoke & Burton Smith; Jackson & King, for defendants.